Judgment dismissing the complaint reversed on the law and a new trial granted with costs to appellant to abide the event. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

CATHERINE HEDDINK and FREDERICK HEDDINK, Respondents, v. LOEW'S THEATRE AND REALTY CORPORATION, Appellant.— Action by plaintiff-wife to recover damages for personal injuries, and by her husband for loss of services and expenses. Plaintiff-wife, a patron of defendant's theatre, was injured when her heel caught in a hole in the rubber matting which covered the outer lobby. The court dismissed the complaint on the merits at the close of plaintiffs' case, on the ground that there was no proof that defendant had actual or constructive notice of the existence of the hole. The Appellate Term reversed the judgment of dismissal and granted a new trial, holding that proof of notice was not an essential element of plaintiffs' *prima facie* case. Order of the Appellate Term reversed on the law and the original judgment of the Municipal Court of the City of New York, Borough of Queens, reinstated, with costs in this court and in the Appellate Term. In *Weingard* v. *Putnam Theatrical Corp.* (225 App. Div. 808), this court held, upon facts substantially the same as in the instant case, that liability cannot be imposed upon a defendant in the absence of proof of actual or constructive notice of the defective condition complained of. Proof of notice is unnecessary where defendant created the condition or the defect was of such a nature that it, of itself, afforded notice. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application of WILLIAM BALLANTINE, Respondent, against THE CITY OF GLEN COVE and HORACE K. T. SHERWOOD, HARRY BEMIS, GEORGE E. HAWKINS, WARREN MURDOCK and BOGART L. SEAMAN, as Mayor, Commissioner of Public Works, Commissioner of Finance, Commissioner of Public Safety and Commissioner of Accounts, Respectively, of the City of Glen Cove, and MORRIS CANARICK and Others, as Members of the Municipal Civil Service Commission of the City of Glen Cove, Appellants. (Appeal No. 1.) — In a proceeding for an order directing appellants to reinstate and re-employ the respondent, and directing and ordering appellant municipal civil service commission to certify the respondent for appointment to the position formerly held by him or to such other position to which he may be entitled, resettled order denying motion of appellants to dismiss the petition reversed on the law, without costs, and the motion granted, without costs. Appeal from original order dismissed. The petition is fatally defective in failing to show that respondent had originally been appointed in accordance with law. From the allegations in the petition and the prayer for relief it appears, on the contrary, that respondent offered his application for registration in the labor class after his appointment to the position in question and, therefore, that the municipal civil service commission had never placed his name on a registration list and certified him out of the labor class as a prerequisite to his original appointment. (*Matter of Chiaverini* v. *Murray*, 237 App. Div. 856; affd., 262 N. Y. 573; *Matter of Glenn* v. *City of Glen Cove*, 261 App. Div. 905.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

In the Matter of the Application of WILLIAM BALLANTINE, Respondent, against THE CITY OF GLEN COVE, HORACE K. T. SHERWOOD, HARRY BEMIS, GEORGE E. HAWKINS, WARREN MURDOCK and BOGART L. SEAMAN, as Mayor, Commissioner of Public Works, Commissioner of Finance, Commissioner of Public Safety